CHIEF JUSTICE PLEICONES:
I concur in part and dissent in part. I agree with the majority’s analysis of the Martinez issue and concur in its analysis[17] of S.C. Code Ann. § 17-27-160(B) (2014).
*523 I disagree, however, that a capital PCR applicant must demonstrate Strickland[18] prejudice in order to be entitled to relief for a statutory violation of § 17-27-160(B). In 1991, a majority of the Court abolished the doctrine of in favorem vitae which required the Court to search the record in a capital appeal for legal error. State v. Torrence, 305 S.C. 45, 406 S.E.2d 315 (1991). The abolition of this common law doctrine was justified in large part because of the protections afforded by the Uniform Post-Conviction Procedure Act. That PCR is a poor substitute for in favorem review, however, was made explicit in Franklin v. Catoe, 346 S.C. 563, 552 S.E.2d 718 (2001), In Franklin, the capital PCR applicant contended trial counsel were ineffective in failing to inform him of his statutory right to argue to the jury in the guilt phase of his trial. The Franklin majority acknowledged that the applicant had been denied this statutory right, and that prior to the abolition of in favorem, this error would have warranted a new trial. The majority held, however, that with PCR “replacing” in favorem review, a capital PCR applicant now bore the burden of proving not only error, but also constitutional prejudice. I dissented, and wrote:
In my opinion, we must honor the General Assembly’s prerogative to establish the procedural safeguards which it deems necessary to the fair administration of the death penalty. Where the legislature has prescribed a departure from the procedures observed in “ordinary” criminal trials, those deviations should be scrupulously honored. I would thus not engage in a prejudice analysis where the undisputed facts do not demonstrate a conscious waiver or strategic decision to forego one of the special protections mandated by the capital statutes.
Franklin v. Catoe, supra, Pleicones, J., dissenting.
Based upon my view of the Court’s obligation to enforce statutes governing special procedures in capital proceedings, including those mandating the qualifications of attorneys, and based upon the assurances made in Torrence that “[Ojther mechanisms of protection and of relief have now been created for the [capital] defendant which safeguard [him] and render *524 the protections afforded by in favorem vitae surplusage,”[19] I would hold that a capital PCR applicant must be appointed counsel who meet the qualifications set forth in § 17-27-160(B). If upon remand it is determined that Petitioner was not represented by statutorily qualified counsel, then in my view the appropriate remedy is a new PCR proceeding in which he is represented by such counsel.
For the reasons given above, I concur in part and dissent in part.

. I would simply add that where the attorney seeks to be qualified by virtue of training or CLE, that education must have been accomplished within the two years preceding the appointment.

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984).

. State v. Torrence, 305 S.C. 45, 61, 406 S.E.2d 315, 324 (1991).